T.C. Summary Opinion 2009-155


UNITED STATES TAX COURT


ELIZABETH B. CHAPMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10030-08S.              Filed October 13, 2009.


Elizabeth B. Chapman, pro se.

<u>L. Katrine Shelton</u>, for respondent.


GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Petitioner seeks to recover the litigation[2] and administrative fees and costs of her proceeding under section 7430.  The issues[3] for our consideration are:  (1) Whether petitioner was a prevailing party under section 7430(c)(4) and (2) whether petitioner is entitled to reimbursement beyond the statutory rate.[4]

## Background

In a July 12, 2007, letter, respondent notified petitioner that her 2005 Federal income tax return was to be examined. Petitioner's accountant, Ms. Hill, represented her before respondent in the administrative examination.  On July 19, 2007, after respondent's examiner did not respond to Ms. Hill's telephone calls, Ms. Hill sent a facsimile to the examiner to schedule the examination.  On July 23, 2007, Ms. Hill reached the

---

[2]Petitioner initially sought to recover her administrative fees and costs, but after she was forced to go to trial on that issue, the Court granted petitioner's oral motion to amend her motion to include the costs and fees of litigation.

[3]Initially, respondent questioned whether petitioner had met the net worth requirement for recovery under sec. 7430, but respondent has conceded that petitioner satisfies that requirement.

[4]The statutory rate was $170 per hour for 2007 and 2008, and $180 per hour for 2009.  See Rev. Proc. 2006-53, sec. 3.40, 2006-2 C.B. 996, 1003; Rev. Proc. 2007-66, sec. 3.39, 2007-2 C.B. 970, 976; Rev. Proc. 2008-66, sec. 3.38, 2008-45 I.R.B. 1107, 1114.

examiner and requested that the examination be held within 2 weeks after the normal 4-week period. Although the examiner's group manager approved the examination date, respondent's personnel chose to issue a 30-day letter setting forth adjustments and a proposed deficiency, even though petitioner had not had an opportunity to present documentation to the examiner. The 30-day letter and confirmation of an examination date were sent concurrently to petitioner. This placed petitioner in a position of having to appeal even before she was provided with an opportunity to present documentation at an examination.

On September 11, 2007, Ms. Hill appeared at the examiner's office and presented documentation with respect to the items respondent questioned. Ms. Hill presented documentation that substantiated deductions in excess of those that petitioner had claimed on her 2005 tax return. After reviewing the documents for 4 hours, the examiner explained to Ms. Hill that she would have to come back another time. Ms. Hill suggested that the examiner issue an information document request (IDR) to which petitioner could respond in order to save her client from additional billings for Ms. Hill's time. The examiner agreed and issued an IDR, to which petitioner promptly responded. After approximately 1 month Ms. Hill began calling the examiner and the examiner's group manager to ask when the examiner would issue a report.

The items in question during the examination approximated $75,000 and would have resulted in an income tax deficiency approximating $15,000. On November 8, 2007, the examiner issued her report (a revised 30-day letter) indicating a proposed tax deficiency of $151. Within a week Ms. Hill sent correspondence to the examiner and her group manager advising that certain information submitted had not been appropriately considered and that there should be no deficiency whatsoever. After there was no response to the correspondence, Ms. Hill made repeated calls to the group manager and, at one point, the group manager indicated that she thought that the examination would result in no change (no deficiency). In spite of this, a statutory notice of deficiency determining a $151 income tax deficiency was issued to petitioner.

After the group manager refused to reconsider the determined deficiency, petitioner went to the Taxpayer Advocate's Office during the 90-day period within which the notice of deficiency was appealable to this Court. Petitioner filed a petition and was granted an Appeals conference. At the Appeals conference petitioner submitted two documents to the Appeals officer, after which respondent agreed to a zero deficiency for 2005. Those two documents had been presented to the examiner but could not be found by the Appeals officer. Following that, petitioner sought

to recover litigation and administrative fees and costs incurred with respect to her 2005 tax year.

## Discussion

Section 7430(a) authorizes an award to a prevailing party of reasonable litigation or administrative fees and costs paid or incurred before or during a court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code. The taxpayer must establish that she: (1) Is the prevailing party; (2) has exhausted the available administrative remedies; (3) has not unreasonably protracted the court proceedings; and (4) has claimed litigation costs that are reasonable. Sec. 7430(a) and (b)(1), (3).

The moving party bears the burden of proving that these requirements are met. Rule 232(e). A taxpayer is generally the prevailing party if the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues. Sec. 7430(c)(4)(A). Under section 7430(c)(4)(B), even if the taxpayer meets the requirements of a prevailing party under section 7430(c)(4)(A), the taxpayer will not be treated as a prevailing party if the Commissioner's position in the proceeding was substantially justified.

Respondent conceded that petitioner satisfied the net worth requirement.  Although respondent argued that petitioner did not exhaust all administrative remedies, the record amply supports our holding that petitioner met that requirement.  Therefore, we are left to decide whether:  (1) Respondent's position "was substantially justified" under section 7430(c)(4)(B)(i); and/or (2) the amount of costs petitioner claims is reasonable under section 7430(a)(2) and (c)(1).

It is without doubt that petitioner was the prevailing party in this proceeding.  Accordingly, we must decide whether respondent's position was "substantially justified".  "Substantially justified" is defined as "justified to a degree that could satisfy a reasonable person" and having a "reasonable basis both in law and fact".  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Huffman v. Commissioner, 978 F.2d 1139, 1147 n.8 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144.  It is the Commissioner's burden to prove that his position was substantially justified.  See sec. 7430(c)(4)(B)(i).  The Commissioner's position may be incorrect and yet be substantially justified "if a reasonable person could think it correct".  See Pierce v. Underwood, supra at 566 n.2.  Whether the Commissioner acted reasonably ultimately turns on the available information that formed the basis for the Commissioner's position as well as on the relevant law.  See

Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688-690 (1990). The fact that the Commissioner eventually loses or concedes a case does not by itself establish that the Commissioner's position was unreasonable. However, it is a factor that may be considered. Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997).

In evaluating the Commissioner's justification, we identify when the Commissioner took a position and then decide whether the position taken from that point forward was substantially justified. Andary-Stern v. Commissioner, T.C. Memo. 2002-212. We generally analyze the Commissioner's position in the administrative proceeding separately from the position taken in the litigation. Huffman v. Commissioner, supra. In this case, however, respondent's position did not change and can be analyzed concurrently.

Petitioner argues that respondent was not substantially justified because of the failure to investigate the underlying facts, resulting in respondent's erroneous position in the 30-day letter and, ultimately, in respondent's answer. Petitioner was notified during 2007 that her 2005 tax return was under examination. Normally, the examination would be scheduled within a 4-week period; however, petitioner asked for a 2-week extension. The matters under examination were simply questions of substantiation of deductions. The extension was granted but

respondent, for reasons that remain unexplained, issued a 30-day letter proposing to disallow all of the questioned deductions before affording petitioner an opportunity to substantiate them.

Petitioner provided respondent's examiner with documentation that reflected that she was entitled to deductions in an amount that was in excess of the amount respondent questioned. Respondent's examiner issued a revised 30-day letter proposing a $151 income tax deficiency, and petitioner attempted to persuade respondent that there was no deficiency for 2005. For reasons that remain unexplained, respondent's personnel did not provide petitioner with the opportunity to show that there was no deficiency and issued a statutory notice of deficiency determining a $151 income tax deficiency.

Petitioner attempted to have respondent withdraw the statutory notice to avoid the expense of filing a petition in this Court, but petitioner's efforts were unsuccessful and a petition was filed. In the petition, petitioner contended that there was no deficiency and that she had substantiated deductions in excess of those respondent questioned. Petitioner also contended that she was entitled to fees and costs. In the answer respondent generally denied petitioner's allegations and prayed that the deficiency should be sustained.

After this proceeding was filed, petitioner met with an Appeals officer, who agreed that there was no deficiency due from

petitioner. Respondent argues that the Appeals officer was exposed to new information that had not been shown to respondent's examiner during the administrative proceeding, but petitioner provided credible testimony showing that respondent's argument is incorrect.

A significant factor in determining whether the Commissioner acted reasonably as of a given date is whether, on or before that date, the taxpayer presented all relevant information under the taxpayer's control. Corson v. Commissioner, 123 T.C. 202, 206-207 (2004); sec. 301.7430-5(c)(1), Proced. & Admin. Regs. Thus, whether the Commissioner acted reasonably may turn upon the available facts which formed the basis for the Commissioner's position. Nalle v. Commissioner, 55 F.3d 189, 191-192 (5th Cir. 1995), affg. T.C. Memo. 1994-182; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

Accordingly, from the time that respondent's examiner issued the revised 30-day letter, respondent had documentation and information that would have resulted in no deficiency for petitioner. Petitioner tried, without success, to show the examiner and the group manager that respondent's position was incorrect, but petitioner was ignored and a statutory notice was issued, forcing petitioner to proceed with litigation. Respondent's position and actions from the time of the revised

30-day letter were not reasonable and resulted in unnecessary costs and fees to petitioner.

Respondent has presented no evidence showing that it was reasonable to determine that petitioner had a deficiency for 2005. Likewise, respondent has not explained why it was necessary to proceed to litigation or to rush the administrative proceeding (e.g., imminent expiration of the period for assessment). Respondent has not proven that his position was substantially justified either in the administrative proceeding or during the litigation. See, e.g., Powers v. Commissioner, 100 T.C. 457 (1993), revd. in part on other grounds 43 F.3d 172 (5th Cir. 1995). In Powers, the Commissioner made no effort to contact the taxpayer before issuing the notice of deficiency. Petitioner attempted to show respondent that it was unnecessary to issue a notice of deficiency, and petitioner's attempts were ignored.

Accordingly, petitioner is entitled to allowable costs and fees from November 8, 2007, the time of the issuance of the revised 30-day letter. See sec. 7430(c)(2). Respondent has also questioned whether petitioner's claimed costs are reasonable and in particular whether the hourly charge for Ms. Hill should be allowed beyond the statutory rate. Petitioner claims fees for the services of an accountant at $400 per hour, in excess of the statutory rate. We must consider whether petitioner is entitled

to an amount in excess of the statutory rate.  We must also consider whether the hours claimed are reasonable.  See <u>Cozean v. Commissioner</u>, 109 T.C. 227, 234 (1997).

Petitioner has claimed costs of $7.13 that were incurred during 2008.  Petitioner also claimed fees incurred since November 8, 2007, as follows:

| Year | Number of Hours | Rate | Total |
|------|-----------------|------|-------|
| 2007 | .0825 | $400 | $33 |
| 2008 | 4.5825 | 400 | 1,833 |
| 2009 | 14.90 | 400 | [1]5,960 |

[1]The fees incurred during 2009 were for professional assistance during the litigation.

Initially, we find petitioner's claim for costs of $7.13 to be reasonable and hold that she is awarded costs of $7.13. Additionally, we have reviewed detailed hourly billings petitioner presented and find them to be reasonable for the nature and type of service provided.

With respect to petitioner's claim for fees, however, we must consider whether petitioner is entitled to claim more than the statutory rates allowed for the professional tax assistance she received.

Section 7430(c)(3)(A) provides that "fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court or before the Internal Revenue Service shall be treated as fees for the services of an attorney."  Furthermore, reimbursement of petitioner's

accountant's fees may not exceed the statutory rate set for each year, absent a finding that an increase in the cost of living or a special factor justifies a higher rate. See sec. 7430(c)(1)(B)(iii). The statutory rate was $170 per hour for 2007 and 2008, and $180 per hour for 2009.

A taxpayer may recover attorney's fees above the statutory limit if the Court determines the existence of a special factor such as: (1) Limited availability of qualified attorneys for the proceeding; (2) the difficulty of the issues presented in the case; or (3) the local availability of tax expertise. Id. General expertise in tax law in itself is not a special factor warranting a fee award in excess of the statutory rate under section 7430. Huffman v. Commissioner, 978 F.2d at 1150; Powers v. Commissioner, supra at 489.

The circumstances did not require specialized expertise. During the administrative process petitioner was required to substantiate claimed deductions. There is no indication that unique or unusual legal or procedural matters arose that would have presented extraordinary difficulty for or required specialized expertise of petitioner's tax professional. Under those circumstances, petitioner is entitled to be awarded the recovery of fees at the statutory rate. Accordingly, petitioner is entitled to be awarded fees as follows:

| Year | Number of Hours | Hourly Rate | Award |
|------|-----------------|-------------|-------|
| 2007 | .0825 | $170 | $14.03 |
| 2008 | 4.5825 | 170 | 779.03 |
| 2009 | 14.90 | 180 | 2,682.00 |
| Total award of fees | | | 3,475.06 |

To reflect the foregoing,

An appropriate order and decision will be entered.